IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

              Plaintiff,

Vs.                                            No.  05-40018-02-SAC

BENITO GONZALEZ-ORTIZ,

              Defendant.

MEMORANDUM AND ORDER

On June 23, 2005, the court overruled the defendant's objection to the recommendation in the Presentence Report ("PSR") of a sentencing guideline enhancement for the offense involving intentional or reckless conduct creating a substantial risk of death or serious bodily injury to another person.  (Dk. 37).  Two days before his sentencing hearing, the defendant has filed a sentencing memorandum arguing the different factors under 18 U.S.C. § 3553(a) and focusing on the seriousness of the offense.  (Dk. 38).  The defendant devotes most of his attention to distinguishing the seriousness of his offense from recent Tenth Circuit decisions based on the factual basis argued in his overruled objection.

What the defendant argues are distinctions between his offense and the Tenth Circuit's decisions are not persuasive in showing that the circumstances of

his offense are less serious than the cases in this Circuit applying the U.S.S.G. § 2L1.1(b)(5) enhancement.  In *United States v. Maldonado-Ramires,* 384 F.3d 1228, 1231 n. 2 (10th Cir. 2004), it is clarified that the (b)(5) enhancement focuses on the offense conduct, that is, the transportation of illegal aliens.  The circuit court upheld the enhancement because the defendant "chose to utilize" the modified van, and the court did not rely upon whether an accident occurred, whether anyone was injured in the accident, or whether the defendant modified the van.  It was enough for the enhancement that the defendant transported six persons in a passenger van in which the rear seats and seat belts had been removed and that the six passengers were required to remain prone on the van's floor.[1]  384 F.3d at 1231.  The court finds that enhancement in *Maldonado-Ramires* is based on conduct less serious than in the case at bar.  As this court quoted and accepted in its order filed just days ago, transporting a number of people "on the highway in the bed of a pickup truck protected by only a camper shell is more dangerous than carrying more people in a van than it was designed to hold."  (Dk. 37, at pp. 5-6 (quoting *United States v. Luna-Moreno*, 10 Fed. Appx. 638, 639, 2001 WL 615284, at *1 (9th

---

[1] The court rejected the defendant's arguments that the enhancement was inapplicable because van did not carry more than its rated capacity, the van was mechanically sound, and passengers were riding only in the cab of the van.  384 F.3d at 1230-31.

Cir.), *cert. denied*, 534 U.S. 969 (2001)).

The other Tenth Circuit cases cited by the defendant add little to the argument that his (b)(5) conduct is not as serious as those cases. In *United States v. Cardena-Garcia*, 362 F.3d 663, 665 (10th Cir.), *cert. denied*, 125 S. Ct. 126 (2004), the (b)(5) conduct was crowding nineteen passengers in a van with a rated capacity of seven and driving at a slow rate of speed on the interstate highway. The circuit court upheld enhancements under both § 2L1.1(b)(5) and § 2L1.1(b)(6) emphasizing that the former focuses on a defendant's intentional or reckless conduct in committing the offense while the latter addresses the outcome of the offense. If a (b)(5) enhancement does not depend upon a negative outcome, the absence of an accident resulting in death or serious bodily injury does not detract from the seriousness of the defendant's conduct justifying the enhancement. The defendant mistakenly relies on *United States v. Mares-Martinez*, 329 F.3d 1204 (10th Cir. 2003), because it only involves a (b)(6) enhancement. In *United State v. Jose-Gonzalez*, 291 F.3d 697, 705-06 n.4 (10th Cir. 2002), the sentencing court applied both (b)(5) and (b)(6) enhancements, and the circuit court briefly mentioned the (b)(5) enhancement and referred to the defendant's conduct of speeding, driving without rest, removal of seat belts, and overcrowding the van. Rather than representing the typical (b)(5) circumstances, the accident and serious

injuries found in these three Tenth Circuit decisions are representative of cases when (b)(6) enhancements are appropriate.

The defendant correctly assumes that his offense could have involved more serious circumstances, but he has not shown that any of these circumstances are elemental, typical or even important in applying the (b)(5) enhancement. Indeed, if these aggravated circumstances had been present, then additional enhancements or even an upward departure presumably would have been recommended under the sentencing guidelines. The court believes a sentence exceeding one year of imprisonment is consistent with the seriousness of transporting unlawful aliens in the bed of a pickup truck without seats and seat belts and only a camper shell covering them at interstate highways speeds for hundreds of miles.

The court's experience with such cases does not bear out the defendant's argument that an abbreviated prison term and deportation are generally a sufficient deterrent to similar offenses and will protect the public from further crimes by the defendant. Based on the passenger's statements appearing in the PSR, the court would infer that the defendant either was involved in an ongoing operation of transporting unlawful aliens or, at the very least, had contacts with such an operation. A sentence of less than one year would be inappropriate under

these circumstances.

IT IS THEREFORE ORDERED that the above discussion and findings will serve as part of the court's statement of reasons for its imposition of the particular sentence.

Dated this 28th day of June, 2005, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge